FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 1 8 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

XIAO FANG ZHU,

Defendant.

09-CR-465-01

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On August 7, 2009, Xiao Fang Zhu pled guilty to a single-count information which charged that between March 2008 and March 2009, the defendant, together with others, with the intent to defraud the United States, smuggled and attempted to clandestinely introduce merchandise into the United States, which should have been invoiced, specifically, counterfeit goods, and did make out and pass through the customhouse false and fraudulent invoices, and other documents and papers, in violation of 18 U.S.C. § 545.

Zhu was sentenced on August 5, 2010. Because defendant objected to videotaping, the proceeding was not videotaped. *Cf. In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 19 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 30 and 37 months. The offense carried a maximum term of imprisonment of 20 years. 18 U.S.C. § 545. The guidelines range of fine was from $6,000 to $60,000. An order of restitution was mandatory. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

Zhu was sentenced to 3 years' probation. A $100 special assessment was imposed. No restitution was ordered. Though restitution was mandated by statute, *see* 18 U.S.C. § 3663A, the government neither asked for nor proved any amount that might be due as restitution. Under the circumstances of the case the restitution requirement was determined not to apply, because "determining complex issues of fact related to the cause or amount of [any] victim's losses would [have] complicate[d] or prolong[ed] the sentencing process to a degree that the need to provide restitution to any victim [was] outweighed by the burden on the sentencing process." 18. U.S.C. § 3663A(c)(3)(B). Without objection restitution was therefore not ordered. No fines

were imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine. A separate order of forfeiture was issued.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court departed from the guidelines pursuant to the government's 5K1.1 letter, and in light of the fact that Zhu's prompt and thorough cooperation substantially assisted in the prosecution of Chang Miao Ye, her criminal collaborator and former boyfriend, who was sentenced to 24 months for his role in the crimes in which Zhu was involved. Zhu was prepared to assist in the prosecution of other defendants who eventually pled guilty. 18 U.S.C. § 3553(e).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant is a good mother and supports her daughter and elderly parents. A prison term would do harm to her dependents. She has fully cooperated with the government. A sentence of 3 years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in importation of counterfeit goods will result in a substantial punishment. Specific deterrence is achieved through the impact of this conviction on the defendant's employability. It is unlikely that she will engage in further criminal activity in

light of her strong commitment to her family, her expressions of remorse, and her willing cooperation with the government to bring the other actors involved in her crimes to justice.

Jack B. Weinstein
Senior United States District Judge

Dated: August 5, 2010
　　　　Brooklyn, New York